[Civ. No. 11016.   First Appellate District, Division Two.—June 19, 1939.]

DAISY HASKELL et al., Respondents, v. FIRST NA-
TIONAL BANK IN OAKLAND (a National Banking
Association), as Trustee, etc., et al., Appellants.

Thornton Wilson for Appellants.

McKee, Tasheira & Wahrhaftig for Respondents.

NOURSE, P. J.—Plaintiffs sued to have it established that certain real property standing in the name of Lois Atwell (deceased) was held by the defendant bank, as trustee under the will of Mrs. Atwell, as a constructive trustee for these plaintiffs because of an express or resulting trust created by the deceased whereby she undertook and assumed to hold the property as a voluntary trustee for these plaintiffs. The property in suit was purchased by the deceased for the benefit of the plaintiffs, and they were put in possession under an oral promise of the deceased that she would hold the property as trustee for them. The bank holds under a testamentary trust of all the residue, the particular property in suit not having been described in the testamentary trust. The plaintiffs had judgment subject to the equities of the heirs of the deceased arising out of payments advanced under the testamentary trust.

Appellants argue that the judgment should be reversed because their special demurrer, raising the issue of ambiguity, and that several causes of action were improperly united and not separately stated, should have been sustained. Their theory is that the respondents should have been compelled to tie their cause of action to either an express or a resulting trust in Mrs. Atwell, and that they could not rely upon both in the same cause of action. Of course, the cause of action is based upon the claim of a constructive trust in the appellants. The allegations objected to relate to the circumstances leading up to the creation of that trust. But one cause of action is stated, and the appellants were fully informed before the trial of the circumstances upon which the respondents would rely to prove their case. We will not reverse a judgment on the ground that a special demurrer should have been sustained when it appears that the matters objected to did not affect the conduct of the trial and that the error complained of has not "resulted in a miscarriage of justice". (Const., art. VI, sec. 4½.)

By the same reasoning, if the trial court erred in finding a resulting trust in Mrs. Atwell, and the evidence discloses the existence of an express trust in the same person, for the same purposes, and for the same beneficiaries, the error is unsubstantial, because the ultimate fact upon which the cause of action is based is the constructive trust in appellants. This fact having been found as alleged, the right to the relief sought is established, and that closes the case so far as appellants are concerned.

The essential facts, which were proved by competent evidence and are undisputed, are these: Daisy Haskell had been raised from childhood in the home of Mrs. Atwell, who treated her as a daughter. In 1925 Mrs. Atwell expressed the desire of purchasing a home for Daisy and her family, but insisted that it be held in trust for the benefit of Daisy and her children and not subject to the debts of Mr. Haskell. Mrs. Atwell and Mrs. Haskell searched for a year for a suitable home, and, in 1926, the property in suit was purchased by Mrs. Atwell in her own name and the Haskells were put in exclusive possession. They gave up their former home, made substantial and permanent improvements on the new place, paid the insurance and taxes, and were permitted to occupy the premises rent free. A room was provided for Mrs. Atwell, who expressed the intention of living with the Haskells. On many occasions she declared to numerous witnesses that she held title to the property as trustee for Mrs. Haskell and her children and that she had executed a deed to protect the interests of the beneficiaries. In her will executed on March 10, 1928, she recited that: "I have heretofore deeded certain property known as number (255) Ridgcway Avenue, Oakland, California to my friend Daisy A. Haskell, with provision in said deed for the final distribution of said property upon the death of said Daisy A. Haskell. In addition thereto I hereby direct my said trustee to pay to said Daisy A. Haskell during the remainder of her natural life, should she survive me, the sum of . . . "

Mrs. Atwell died on October 28, 1928, but the deed mentioned in her will and in her frequent conversations was not found. She did not at any time, however, by word or deed, repudiate the trust, alter her expressed intention of her trusteeship, or give to the beneficiaries any indication that they could no longer rely upon her frequent promises.

402

■ The case is controlled by the principles found in Restatement of the Law on Trusts, volume I, pages 149, 150, section 50, reading: "Although a trust of an interest in land is orally declared and no memorandum is signed, the trust is enforecable if, with the consent of the trustee, the beneficiary as such enters into possession of the land or makes valuable improvements thereon or irrevocably changes his position in reliance upon the trust."

■ As stated in said section the rule is similar to the rule under which oral gifts of land or contracts for the sale of land become enforceable on the ground of part performance. But underlying all this reasoning is the principle that an oral trust in land is not a nullity but is voidable at the election of the voluntary trustee, and when such trustee has by his conduct ratified and affirmed the trust and induced others to change their position because of it, the doctrine of equitable estoppel comes into play.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 17, 1939. Edmonds, J., voted for a hearing.